UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONEL FINANCIAL MANAGEMENT
OFFICER, et al., on behalf of himself and others
similarly situated,

    Plaintiffs,

v.                                        CASE NO. 8:22-cv-1275-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

NAVY SEAL 1, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

**INDICATIVE RULING UNDER RULE 62.1,
FEDERAL RULES OF CIVIL PROCEDURE**

In these actions under the Religious Freedom Restoration Act, service members in the Navy and in the Marine Corps challenge "the Federal COVID-19 Vaccine Mandate," which the Secretary of Defense has rescinded. Before the rescission, three preliminary injunctions issued: one on behalf of a Naval officer and a Marine officer (8:21-cv-2429), one on behalf of another Marine officer (8:22-cv-1275), and

one on behalf of a certified class of Marines (8:22-cv-1275). An appeal from each preliminary injunction pends. *Navy Seal 1 v. Secretary of the United States Department of Defense*, No. 22-10645 (11th Cir.) (the Naval officer and Marine officer); *Captain v. Secretary of the U.S. Department of Defense*, No. 22-12029 (11th Cir.) (the Marine officer); and *Chief Warrant Officer 4 v. Secretary of the United States Department of Defense*, No. 22-13522 (11th Cir.) (the class of Marines).

During the pendency of the appeals, Congress enacted the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, which directs the Secretary of Defense to "rescind the mandate that members of the Armed Forces be vaccinated against COVID-19." After the Secretary of Defense's rescission memorandum, each branch of the military has promptly rescinded each branch-specific COVID-19 vaccination requirement. The defendants have filed notices containing supplemental guidance and directives about the implementation of the rescission. For instance, NAVADMIN 038/23, issued February 15, 2023, eliminates the distinction between "vaccinated" and "unvaccinated" service members in the Navy and the Marine Corps and states that "COVID-19 vaccination status shall not be a consideration in assessing individual service member suitability for deployment or other operational missions." (Doc. 285-2) And a memorandum by the Secretary of the Navy, issued February 24, 2023, directs the Navy and the Marine Corps to review the records of service members who applied for a religious accommodation to ensure removal of any adverse administrative action or disciplinary remark. (Doc. 286-2)

An order (Doc. 268)[1] directs the parties to brief mootness promptly after the Secretary of Defense complies with the 2023 NDAA. The defendants move (Doc. 200 in 8:21-cv-2429 and Doc. 275 in 8:22-cv-1275), to dissolve the preliminary injunctions, to de-certify the class of Marines, and to dismiss the Navy and Marine Corps actions as moot. The plaintiffs respond (Doc. 281) in opposition.

Because appeals pend from the preliminary injunctions and class certification, the defendants request (Doc. 275 at 1) an indicative ruling under Rule 62.1, Federal Rules of Civil Procedure, to permit an application to the Eleventh Circuit to relinquish jurisdiction. After a preliminary review of the motion to dismiss, an order (Doc. 277) temporarily stays the action pending resolution of mootness. In accord with an order (Doc. 63) directing the parties to mediate before a magistrate judge, the parties have endeavored to resolve this action. However, the mediator as of Friday, March 31, 2023, reports (Doc. 290) an impasse.

## DISCUSSION

In each iteration of the complaint, in the prayer for relief in each complaint, and during hearings throughout this action, the plaintiffs have repeatedly phrased their request for relief as a preliminary injunction against application of the COVID-19 vaccine mandate to religiously objecting service members pending a re-commitment *en masse* to the military to re-adjudicate in conformity with RFRA each service member's request for a religious accommodation. By rescinding the mandate

---

[1] This order cites the docket entries in *Colonel Financial Management Officer, et al., v. Lloyd Austin, et al.*, 8:22-cv-1275-SDM-TGW (M.D. Fla.), except as otherwise specified.

- 3 -

in accord with the 2023 NDAA, the Secretary of Defense removed the policy at which the requested relief was directed and rendered superfluous the request for re-commitment for a second determination.

Resisting a finding of mootness, the plaintiffs principally argue that the Secretary of Defense "retains the authority to reinstate the challenged mandate at any time" because the 2023 NDAA directs the Secretary of Defense to rescind the August 24, 2021 memorandum but does not prohibit the later re-imposition of the mandate. (Doc. 281 at 4)  To determine the mootness of a challenge to a rescinded policy, *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 531–32 (11th Cir. 2013), directs a consideration of (1) "whether the termination of the offending conduct is unambiguous"; (2) whether the termination "appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction"; and (3) "whether the government 'has consistently applied' [the] new policy or . . . course of conduct."  But "when a government fully repeals a challenged law, a case challenging that law is almost surely moot."  *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022).

Unlike a typical instance of voluntary cessation, the Secretary of Defense's rescission of the COVID-19 vaccination mandate results not from the Secretary's unilateral decision but from a higher authority, Congress, which enjoys the constitutional power under Article I, Section 8, "[t]o make Rules for the Government and Regulation of the land and naval Forces[.]"  Because in this action Congress has unambiguously renounced the mandate and has directed by statute a rescission of the mandate, recurrence of the military's challenged conduct seems, absent any

compelling evidence to the contrary, remote and implausible. The Secretary of Defense — timely and apparently in earnest — has complied with Congress's directive, and in the months following the rescission memorandum each branch has dutifully rescinded the COVID-19 vaccination requirement and implemented procedures to eliminate adverse administrative actions attending a service member's earlier decision to decline COVID-19 vaccination. Also, the plaintiffs insist that the defendants have not renounced the policy because the Secretary of Defense "has maintained that his August 24 Memorandum was lawful and constitutional." (Doc. 281 at 6) But the government need not concede unlawful conduct to moot an action by rescission of the challenged conduct.

The rescission is "unambiguous," results from Congress's constitutional authority and not from an attempt by the Secretary of Defense to "manipulate jurisdiction," has resulted in consistent application, and has rendered superfluous the plaintiffs' request for re-commitment for a second determination.[2] As the Eighth, Ninth, and D.C. Circuits conclude, the rescission of the mandate likely moots the claims in this action. *See Roth v. Austin*, 2023 WL 2531885 (8th Cir. 2023); *Dunn v. Austin*, 2023 WL 2319316 (9th Cir. 2023); *Navy Seal 1 v. Austin*, 2023 WL 2482927 (D.C. Cir. 2023).

---

[2] Although the order scheduling briefing on mootness states that the clerk will schedule a hearing, the parties have adequately briefed the issue and a hearing will not materially benefit this indicative ruling.

## CONCLUSION

The challenged and preliminarily enjoined mandate no longer exists, and the issue unifying the injunctive class no longer exists. Under Rule 62.1, Federal Rules of Civil Procedure, "if the court of appeals remands for th[is] purpose," an order by the district court (barring some unforeseen event) will grant the defendants' motions (Doc. 200 in 8:21-cv-2429 and Doc. 275 in 8:22-cv-1275) to dissolve the preliminary injunctions, to de-certify the class of Marines, and to dismiss the complaints as moot.[3] The clerk must file this order in 8:21-cv-2429 and must transmit this order to the Eleventh Circuit in *Navy Seal 1 v. Secretary of the United States Department of Defense*, No. 22-10645 (11th Cir.); *Captain v. Secretary of the U.S. Department of Defense*, No. 22-12029 (11th Cir.); and *Chief Warrant Officer 4 v. Secretary of the United States Department of Defense*, No. 22-13522 (11th Cir.).

ORDERED in Tampa, Florida, on April 3, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] The order will reserve jurisdiction to resolve any post-judgment matter, such as a claim for an attorney's fee and costs.