IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| CAPTAIN, et al.,<br><br>         Plaintiff-Appellee,<br><br>v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>         Defendants-Appellants. | No. 22-12029 |

**DEFENDANTS-APPELLANTS' MOTION FOR REMAND AND CLOSURE OF APPEAL PURSUANT TO CIRCUIT RULE 12.1-1**

No. 22-12029, *Captain v. Secretary of the U.S. Department of Defense*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for defendants-appellants certify that the following persons have an interest in the outcome of this appeal.

Avallone, Zachary A.

Boynton, Brian M.

Carmichael, Andrew E.

Carroll, Sarah

Clark, Sarah J.

Commandant, U.S. Marine Corps

Coppolino, Anthony J.

Dover, Marleigh D.

Enlow, Courtney D.

Gannam, Roger K.

Haas, Alexander K.

Handberg, Roger B.

Harrington, Sarah E.

Holland, Liam C.

Knapp, Cody T.

Liberty Counsel, Inc.

Mast, Jr., Richard L.

No. 22-12029, *Captain v. Secretary of the U.S. Department of Defense*

Merritt, R. Charles

Merryday, Hon. Steven D.

Mihet, Horatio G.

Powell, Amy E.

Ross, Casen B.

Scarborough, Charles W.

Schmid, Daniel Joseph

Secretary, U.S. Department of Defense

Snyder, Cassandra M.

Staver, Anita

Staver, Matthew D.

Sturgill Jr., Lowell V.

U.S. Department of Justice

USMC Captain

Wilson, Hon. Thomas G.

Winik, Daniel

Yang, Catherine

Counsel for defendants-appellants further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

/s/ Sarah J. Clark
Sarah J. Clark

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| CAPTAIN, et al.,<br><br>　　　　　　　　　　Plaintiff-Appellee,<br><br>v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　　　　　　　Defendants-Appellants. | No. 22-12029 |

**DEFENDANTS-APPELLANTS' MOTION FOR REMAND AND CLOSURE OF APPEAL PURSUANT TO CIRCUIT RULE 12.1-1**

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 12.1-1, defendants-appellants respectfully request that the Court remand this case to the district court for entry of an order dissolving the preliminary injunction under review and dismissing the complaint. Plaintiff takes no position on a motion for remand with dismissal of the appeal.

1. In the order under review, the district court issued a preliminary injunction that barred the Marine Corps from applying its COVID-19 vaccination requirement to plaintiff Captain. The government appealed and the appeal is fully briefed.

2. On December 23, 2022, the President signed into law the National Defense Authorization Act for Fiscal Year 2023 (NDAA), which directed the Secretary of Defense to rescind the military's COVID-19 vaccination requirement within 30 days of

enactment. *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, 117th Cong. § 525 (2022). On January 10, 2023, in accordance with the NDAA, the Secretary of Defense rescinded the COVID-19 vaccination requirement for military service members. *See* Memorandum re: Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces (Jan. 10, 2023), https://perma.cc/L9L2-PF6F (Rescission Memorandum). The Department of Defense and the military Services have taken numerous additional actions since then to implement the rescission.

3. The same day that the Secretary issued the Rescission Memorandum, the district court issued an order directing the parties to file briefs "addressing mootness." Dkt. No. 268, at 4. The court stated that, after evaluating the parties' submissions, it would "expeditiously" issue an order "address[ing] the mootness of the [litigation], including perhaps a Rule 62.1 indicative ruling, if indicated." *Id.*

On January 17, 2023, the government filed a motion requesting that the Court hold this appeal in abeyance while the district court conducted the proceedings described in the January 10 order.[1] This Court granted the abeyance motion on January 23, 2023, ordering the government to file periodic status reports until the district court issued its ruling.

---

[1] The government filed similar motions in *Chief Warrant Officer 4. v. Secretary of Defense*, No. 22-13522 (11th Cir.), and *Navy SEAL 1 v. Secretary of Defense*, No. 22-10645 (11th Cir.), two additional appeals of preliminary injunctions encompassed by the district court's January 10 order.

4. On April 3, 2023, the district court issued a ruling indicating that, if this Court were to return jurisdiction, it would enter an order dissolving the preliminary injunction at issue in this appeal and dismissing the complaint as moot. *See* Dkt. No. 291. The district court reasoned that plaintiff's claims are moot because "[t]he challenged and preliminarily enjoined mandate no longer exists." *Id.* at 6. The district court instructed the clerk to transmit its order to this Court, and, consistent with Eleventh Circuit Rule 12.1-1(e), counsel for the government notified the Clerk's Office of the order by telephone on April 4.

5. Given the district court's indicative ruling, the Court should remand this matter and close the appeal so that the district court can dissolve the preliminary injunction under review. *See* Cir. R. 12.1-1(c)(2). Consistent with the Court's rules, the government reserves its right to move to "reopen and reinstate" this appeal "[i]f the district court enters an order on remand that fails to grant the relief the district court had stated it would grant." Cir. R. 12.1-1(c)(2)(iv).[2]

6. Plaintiff has stated that he takes no position on a motion for remand with dismissal of the appeal.

                        Respectfully submitted,

                        CHARLES W. SCARBOROUGH

---

[2] The government is filing similar motions in *Chief Warrant Officer* and *Navy SEAL 1*, *see supra* note 1, as the district court likewise indicated that it would dissolve the preliminary injunctions at issue in those appeals.

|  |  |
|---|---|
| | */s/ Sarah J. Clark* |
| | SARAH J. CLARK |
| | *Attorneys, Appellate Staff* |
| | *Civil Division* |
| | *United States Department of Justice* |
| | *950 Pennsylvania Avenue, NW, Rm. 7216* |
| | *Washington, D.C. 20530* |
| APRIL 2023 | *(202) 305-8727* |

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A). This document contains 533 words.

*/s/ Sarah J. Clark*
Sarah J. Clark

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I caused the foregoing to be filed with the Court using the appellate CM/ECF system, which constitutes service on all parties under the Court's rules.

*/s/ Sarah J. Clark*
Sarah J. Clark